UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KB HOME JACKSONVILLE LLC,

        Plaintiff,

v.                                             Case No. 3:21-cv-418-J-MMH-MCR

CERTAIN UNDERWRITERS AT
LLOYDS, SUBSCRIBING TO POLICY
NUMBER CIBFL0002724, et al.,

        Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. On April 16, 2021, Plaintiff initiated the instant action by filing a Complaint Declaratory Relief Requested (Doc. 1; Complaint) against several Defendants. Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 "because this matter involves a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs." See Complaint ¶ 12. However, upon review of the Complaint, the Court is unable to determine whether it has jurisdiction over this action.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This

obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. However, the Court is unable to determine the citizenship of Defendant Certain Underwriters at Lloyds, Subscribing to Policy Number CIBFL0002724 (the Lloyds Snydicate). In the Complaint, Plaintiff attempts to establish the citizenship of the Lloyds Syndicate by alleging that "Lloyds is a foreign citizen, located in London, England." See Complaint ¶ 7. However, over ten years ago, in Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079 (11th Cir. 2010), the Eleventh Circuit instructed that a syndicate such as this falls "squarely within the class of unincorporated associations for which the pleading of every member's citizenship is essential to establishing diversity jurisdiction." Osting-Schwinn, 613 F.3d at 1088-89. As such, because the

Complaint "'does not disclose the identity, let alone the citizenship, of the [underwriters] involved in the case . . . it [is] impossible to say that complete diversity exists.'" Id. at 1092 (alteration in original) (quoting E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998)). Accordingly, based on the limited information alleged in the Complaint, the Court cannot determine the citizenship of the Lloyds Syndicate for purposes of diversity jurisdiction.[1]

In light of the foregoing, the Court will give Plaintiff an opportunity to provide the Court with additional information to establish the Lloyds Syndicate's citizenship and this Court's diversity jurisdiction over the instant action. Accordingly, it is

**ORDERED**:

---

[1] In light of Osting-Schwinn, the Court also questions whether Plaintiff can establish the amount-in-controversy requirement of 28 U.S.C. § 1332(a). See Osting-Schwinn, 613 F.3d at 1092 n.7. The Court will not address that issue at this time given that it does not yet "know the exact composition of the syndicate or how much risk any one [underwriter] has assumed." Id. However, if Plaintiff intends to proceed on the basis of diversity jurisdiction, it should address this issue in its supplemental memorandum as well. See Osting-Schwinn, 613 F.3d at 1093 & n.8; see also BIG League Ventures, LLC v. Certain Underwriters at Lloyd's, London, 474 F. Supp. 3d 1279, 1282-83 (S.D. Fla. June 1, 2020).

Plaintiff shall have until **May 3, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on April 19, 2021.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record