UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| KB HOME JACKSONVILLE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYDS, SUBSCRIBING TO POLICY NO. CIBFL002724; FIRST SPECIALTY INSURANCE CORPORATION; NORTH POINTE INSURANCE COMPANY; OLD DOMINION INSURANCE COMPANY, and SOUTHERN-OWNERS INSURANCE COMPANY,<br><br>    Defendants. | Case No. 3:21-CV-00418-MMH-MCR |

**FIRST SPECIALTY INSURANCE CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, First Specialty Insurance Corporation ("FSIC"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12, hereby answers the allegations in the Complaint of Plaintiff, KB Home Jacksonville, LLC (Doc. 10) as follows:

**NATURE OF THE ACTION**

1. Admitted as to the nature of the relief Plaintiff seeks, but denied that FSIC breached any purported duty to defend or that Plaintiff has a right to a defense

as an additional insured under FSIC's policies. Without sufficient knowledge to admit or deny any allegations concerning other Defendants, and otherwise denied.

2. The pleadings and other filings from the Villages of Bartram Springs Lawsuit speak for themselves. Otherwise, denied.

3. Admitted that FSIC issued the policies listed on Exhibit 1 to Archer Exteriors, Inc. as the named insured. Otherwise, without sufficient knowledge to admit or deny; therefore, denied.

4. Denied.

5. Admitted that Plaintiff demanded a defense from FSIC as a purported additional insured, and admitted that FSIC denied Plaintiff's demand because Plaintiff does not qualify as an additional insured under FSIC's policies. Without sufficient knowledge to admit or deny any allegations concerning other Defendants, and otherwise denied.

## THE PARTIES

6. Without sufficient knowledge to admit or deny; therefore, denied.

7. Admitted that FSIC is a corporation existing under the laws of the state of Missouri that maintains its principal place of business in Kansas City, Missouri; that FSIC is an excess surplus lines carrier authorized to issue policies in the state of Florida; and, that FSIC issued the policies listed on Exhibit 1 to Archer Exteriors, Inc. as the named insured. Otherwise, denied.

8. Without sufficient knowledge to admit or deny; therefore, denied.

9. Without sufficient knowledge to admit or deny; therefore, denied.

10. Without sufficient knowledge to admit or deny; therefore, denied.

## JURISDICTION AND VENUE

11. Without sufficient knowledge to admit or deny; therefore, denied.

12. Without sufficient knowledge to admit or deny; therefore, denied.

13. Without sufficient knowledge to admit or deny; therefore, denied.

14. Without sufficient knowledge to admit or deny; therefore, denied.

## FACTUAL ALLEGATIONS

### I. THE VILLAGES OF BARTRAM SPRINGS DEVELOPMENT

15. Without sufficient knowledge to admit or deny; therefore, denied.

16. Without sufficient knowledge to admit or deny; therefore, denied.

17. Admitted that Plaintiff entered into subcontract with Archer Exteriors, Inc. related to the Project. Without sufficient knowledge to admit or deny the date or version of the contract that governed Archer's work on the Project, and otherwise denied.

18. Without sufficient knowledge to admit or deny; therefore, denied.

19. Without sufficient knowledge to admit or deny; therefore, denied.

20. Without sufficient knowledge to admit or deny; therefore, denied.

21. Without sufficient knowledge to admit or deny; therefore, denied.

22. Denied.

### II. THE INSURER DEFENDANTS' POLICIES

#### A. The First Specialty Policies

23. Admitted that FSIC issued the policies listed on Exhibit 1 and attached as Exhibits 2, 3, and 4 to Archer Exteriors, Inc. as the named insured. FSIC's policies speak for themselves. Otherwise, denied.

24. FSIC's policies speak for themselves. Otherwise, denied.

25. FSIC's policies speak for themselves. Otherwise, denied.

26. FSIC's policies speak for themselves. Otherwise, denied.

27. FSIC's policies speak for themselves. Otherwise, denied.

28. FSIC's policies speak for themselves. Otherwise, denied.

29. Denied that the subcontract between Plaintiff and Archer Exteriors, Inc. required that Plaintiff be named as an additional insured under FSIC's policies. Otherwise, without sufficient knowledge to admit or deny; therefore, denied.

**B.     The North Pointe Policies**

30. Without sufficient knowledge to admit or deny; therefore, denied.

31. Without sufficient knowledge to admit or deny; therefore, denied.

32. Without sufficient knowledge to admit or deny; therefore, denied.

33. Without sufficient knowledge to admit or deny; therefore, denied.

34. Without sufficient knowledge to admit or deny; therefore, denied.

35. Without sufficient knowledge to admit or deny; therefore, denied.

36. Without sufficient knowledge to admit or deny; therefore, denied.

**C.     The Old Dominion Policies**

37. Without sufficient knowledge to admit or deny; therefore, denied.

38. Without sufficient knowledge to admit or deny; therefore, denied.

39. Without sufficient knowledge to admit or deny; therefore, denied.

40. Without sufficient knowledge to admit or deny; therefore, denied.

41. Without sufficient knowledge to admit or deny; therefore, denied.

42. Without sufficient knowledge to admit or deny; therefore, denied.

43. Without sufficient knowledge to admit or deny; therefore, denied.

   D. **The Southern-Owners Policies**

44. Without sufficient knowledge to admit or deny; therefore, denied.

45. Without sufficient knowledge to admit or deny; therefore, denied.

46. Without sufficient knowledge to admit or deny; therefore, denied.

47. Without sufficient knowledge to admit or deny; therefore, denied.

48. Without sufficient knowledge to admit or deny; therefore, denied.

49. Without sufficient knowledge to admit or deny; therefore, denied.

50. Without sufficient knowledge to admit or deny; therefore, denied.

51. Without sufficient knowledge to admit or deny; therefore, denied.

III. **THE VILLAGES OF BARTRAM SPRINGS LAWSUIT**

52. Admitted.

53. The Association's Complaint speaks for itself. Otherwise, denied.

54. The Association's Complaint speaks for itself. Otherwise, denied.

IV. **KB HOME'S DEMANDS FOR A DEFENSE**

55. Admitted that Plaintiff demanded a defense from FSIC as a purported additional insured, and admitted that FSIC denied Plaintiff's demand because

Plaintiff does not qualify as an additional insured under FSIC's policies. Otherwise, denied.

56. Without sufficient knowledge to admit or deny; therefore, denied.

57. Without sufficient knowledge to admit or deny; therefore, denied.

58. Without sufficient knowledge to admit or deny; therefore, denied.

59. Without sufficient knowledge to admit or deny; therefore, denied.

60. Without sufficient knowledge to admit or deny; therefore, denied.

61. Without sufficient knowledge to admit or deny; therefore, denied.

## COUNT I
## DECLARATORY JUDGMENT AGAINST FIRST SPECIALTY

62. FSIC re-alleges and incorporates its responses to the allegations set forth in paragraphs 1 through 7, 11 through 15, 17, 22 through 29, and 52 through 55, as if fully set forth herein.

63. Admitted.

64. Admitted that a dispute between Plaintiff and FSIC exists as to whether Plaintiff qualifies as an additional insured under FSIC's policies and whether FSIC has a duty to defend Plaintiff in the Villages of Bartram Springs Lawsuit. FSIC declines to provide any legal opinions or conclusions as to whether an actual and justiciable controversy exists, and otherwise denies the allegations in paragraph 64.

65. Without sufficient knowledge to admit or deny what effect, if any, a future order of this Court may have upon the dispute between Plaintiff and FSIC; therefore, denied.

66. Denied.

## COUNT II
## BREACH OF DUTY TO DEFEND AGAINST FIRST SPECIALTY

67. FSIC re-alleges and incorporates its responses to the allegations set forth in paragraphs 1 through 7, 11 through 15, 17, 22 through 29, and 52 through 55, as if fully set forth herein.

68. Admitted that FSIC's policies are written contracts of insurance that speak for themselves. Otherwise, denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT III
## DECLARATORY JUDGMENT AGAINST NORTH POINTE

73. – 77. The allegations contained in paragraphs 73 through 77 are not directed at FSIC and, therefore, do not require a response. To the extent an answer is required, the allegations are denied.

## COUNT IV
## BREACH OF DUTY TO DEFEND AGAINST NORTH POINTE

78. – 83. The allegations contained in paragraphs 78 through 83 are not directed at FSIC and, therefore, do not require a response. To the extent an answer is required, the allegations are denied.

## COUNT V
## DECLARATORY JUDGMENT AGAINST OLD DOMINION

84. – 88.   The allegations contained in Paragraphs 84 through 88 are not directed at FSIC and, therefore, do not require a response.  To the extent an answer is required, the allegations are denied.

## COUNT VI
## BREACH OF DUTY TO DEFEND AGAINST OLD DOMINION

89. – 94.   The allegations contained in paragraphs 89 through 94 are not directed at FSIC and, therefore, do not require a response.  To the extent an answer is required, the allegations are denied.

## COUNT VII
## DECLARATORY JUDGMENT AGAINST SOUTHERN-OWNERS

95. – 99.   The allegations contained in paragraphs 95 through 99 are not directed at FSIC and, therefore, do not require a response.  To the extent an answer is required, the allegations are denied.

## COUNT VIII
## BREACH OF DUTY TO DEFEND AGAINST SOUTHERN-OWNERS

100. – 105.   The allegations contained in paragraphs 100 through 105 are not directed at FSIC and, therefore, do not require a response.  To the extent an answer is required, the allegations are denied.

### General Denial

FSIC hereby denies any and all allegations in the Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim against FSIC upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred because Plaintiff has not established that it is an insured under the insurance contract(s).

### Third Affirmative Defense

Plaintiff's claims are barred because Plaintiff does not satisfy the requirements of the additional insured endorsement(s) in the insurance contract(s).

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the terms, conditions, limitations or exclusions contained in the insurance contract(s).

### Fifth Affirmative Defense

There is no coverage under the insurance contract(s) for any damages claimed that are not damages because of "property damage," as that term is defined in the insurance contract(s).

### Sixth Affirmative Defense

There is no coverage for any "property damage" that did not occur during the relevant policy period and was not caused by an "occurrence," as that term is defined in the insurance contract(s).

**Seventh Affirmative Defense**

In evaluating its duty to defend, FSIC was and is entitled to rely upon undisputed extrinsic facts which, if pled, would place the claims against Plaintiff outside the scope of the insurance contract(s).

**Eighth Affirmative Defense**

FSIC did not consent to Plaintiff engaging in any proceeding under Chapter 558 of the Florida Statutes. Therefore, the 558 process did not qualify as a "suit" under the insurance contract(s), and FSIC is not obligated to reimburse Plaintiff for any defense costs or expenses incurred during the 558 process.

**Ninth Affirmative Defense**

Plaintiff's damages, if any, must be setoff and reduced by any recovery Plaintiff has obtained, or may in the future obtain, through judgment, settlement, or compromise against or with other persons or entities relating to the subject matter of the Amended Complaint.

**Tenth Affirmative Defense**

FSIC gives notice that it intends to rely upon any other matter constituting an avoidance or an affirmative defense as provided in Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, FSIC prays that judgment be entered in its favor and against Plaintiff, and that the Court award FSIC its taxable costs and other relief as the Court may decide is proper.

Dated: June 15, 2021.

        Respectfully submitted,

        */s/ Dara L. Dawson*
        Jeffrey M. Paskert, Esq.
        Florida Bar No. 846041
        Email:  jpaskert@mpdlegal.com
        Dara L. Dawson, Esq.
        Florida Bar No. 59217
        Email:  ddawson@mpdlegal.com
        MILLS PASKERT DIVERS
        100 N. Tampa Street, Suite 3700
        Tampa, Florida 33602
        (813) 229-3500 – Telephone
        (813) 229-3502 – Facsimile
        *Counsel for First Specialty Insurance Corporation*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically through the Court's CM/ECF Noticing System on all parties registered for electronic service on June 15, 2021.

        */s/ Dara L. Dawson*
        Attorney